YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY v. JOHN R.
ADAMS.

[52 South. 794.]

RAILROADS. *Fencing right of way. Inconvenience to shipper. Code*
1906, § 4865. *Railroad commission.*

A railroad company by fencing its right of way does not become
liable to a shipper because the fence diminished the convenience
with which he previously made shipments and received freights,
where he was not deprived of ample depot facilities; and Code
1906, § 4865, empowering the railroad commission to require
every railroad to provide sufficient depots, etc., has no appli-
cation.

FROM the circuit court of, second district, Coahoma county.
HON. SAMUEL C. COOK, Judge.

Adams, appellee, was plaintiff in the court below and the
railroad company, appellant, was defendant there. From a
judgment in favor of plaintiff the defendant appealed to the
supreme court.

The railroad company maintains a station, Claremont, a few
miles south of Clarksdale, on its line of railroad. It is a mere
way-station, and is not within an incorporated village. At this
small station the railroad company had for some time main-
tained a side track affording facilities for loading and unload-
ing freight directly from and to the wagons of the plaintiff when
making or receiving shipments. The appellee, Adams, owns a
farm in the vicinity of the station, and the railroad company's
side track was in close proximity to appellee's gin and store.
This side track is north of the regular passenger depot and cus-
tomary freight platform maintained there by the railroad com-
pany. Instead of using the freight platform, appellee, for his
personal convenience, customarily shipped and received freight

from and to his gin, wagons, etc., on this side track. The railroad company erected a fence along its right of way, thereby forcing plaintiff to unload his freight upon the depot platform. The fence prevented the delivery of cotton seed, bought and sold by appellant, into cars at the nearest point on the side track to plaintiff's premises, but in no way shut off access, by means of public roads, to and from the freight depot and appellee's gin, seed house and premises. Appellee's suit was based on the theory that the value of his property had been greatly reduced by the loss of conveniences.

*Mayes & Longstreet* and *C. N. Burch,* for appellant.

Even if plaintiff's assumption that Code 1906, § 4854, applies to the construction of a fence along the right of way not within the limits of any municipal corporation is true, it still would give the plaintiff no cause of action.

The appellee is counting upon an alleged injury, which his declaration on its very face alleged, and alleges repeatedly, was suffered by him in common with the public. It is true that the appellee does in his declaration allege that the damages which he suffered in common with the public is greater in his instance; but still it is also true that the injury of which he complains is only common to the public, and his declaration repeatedly so alleges. In such case there is no cause of action in any private individual. The point has been expressly decided in several cases. *Missouri, etc., R. Co. v. Colburn,* 90 Tex. 230; *House v. Water Works,* 88 Tex. 233; *Kinealy v. Railway Co.,* 69 Mo. 658; *Proprietors v. Newcomb,* 7 Metc. (Mass.) 276; *Smith v. City of Boston,* 7 Cush. 254.

Code 1906, § 4854, deals exclusively with depots. No other term is employed in it. In each and every one of its several provisions, the enactment is such as to show clearly that the legislature had in mind the depot as a whole, in the common use of the term; not, of course, the mere station house, but the

place of stoppage and transaction of business.    That statute was not designed to apply to the mere minor accessories of an established and continued depot, such as a single side track in or on the depot grounds.

The term "depot" has been frequently construed and applied. In no case has it been given the application contended for in this case, or any analogous application.    13 Cyc. 1041; 3 Words and Phrases, 3004.

The fence did not cut off any access to the station grounds, or to such part of the side track as lay on the station grounds; it did cut off access to the right of way lying north of the station grounds, and to such part of the side track as lay on that right of way.    This last is the cause of complaint.

Appellee had no contract with the company of any sort.    He made no effort to prove any malice toward himself or intent to injure him.    The uncontradicted evidence was that the fence was erected in order to keep cattle off the track, which frequented the place about the seed house, were often run over, and were dangerous to the trains.    In the case of *Railroad Co. v. Seamans,* 79 Miss. 106, this court held that it was negligence in a railroad company to allow such conditions.    We rely on that case, and we contend that it was a duty owing to both the train employes and the traveling public to guard against that danger, the company incurring no liability to appellee by fencing the cattle out.

*J. W. Cutrer,* for appellee.

Where the violation of a public right causes a depreciation in the value of the property of a private person, or other damage thereto, or inconvenience to such person, or damage to his business, he suffers special injury and damage, and has a private right of action.    *Canton v. Warehouse,* 69 Miss. 31; *Railroad Co. v. Thomas,* 75 Miss. 54; *Boom Co. v. Dixon,* 77 Miss. 587; *Railroad Co. v. Saunders,* 87 Miss. 607; *King v. Railroad Co.,*

88 Miss. 456; *Whaley v. Wilson,* 112 Ala. 627, 20 South. 922; *Southern Express Co. v. Rose,* 124 Ga. 581; *Roberts v. Matthews,* 137 Ala. 523, 5 L. R. A. (N. S.) 619; *Wylie v. Elwood,* 134 Ill. 281, 23 L. R. A. 673; *Jones v. Bright* (Ala.), 37 South. 79; *Union, etc., R. Co. v. Hall,* 91 U. S. 343, 23 L. Ed. 428. The fact that the appellee alleged that the acts complained of were an injury to the public as well as a special injury to himself, does not affect or invalidate his right. The same acts may, and often do, constitute both a public and a private wrong, and in suing for the private wrong in such cases it is necessary to allege the violation of the public as well as the private right involved. Besides, to constitute a private or special injury it need not be unique: the injury may be common to a class.

Appellant is a common carrier of freight as well as passengers, and was under a common-law duty to the public to deliver freight carried by it, and as a means to that end to establish and maintain depots with facilities for the delivery of such freight, and when it established and maintained its depot and side track at Claremont, it necessarily did so under the common-law duty resting on it. *State v. Republican R. R. Co.,* 17 Neb. 647, 52 Am. Rep. 424; *People v. Chicago, etc., R. Co.,* 130 Ill. 175; *Northern, etc., R. Co. v. Territory,* 3 Wash. 303.

Even if the remedy authorized by the statute in Code 1892; § 4330, and Code 1906, § 4884, were not cumulative the appellee would have been entitled to bring this suit. *Union Pac. R. Co. v. McDonald,* 152 U. S. 262; *Hayes v. Michigan R. Co.,* 111 U. S. 228; *McDonald v. Gies,* 21 Am. St. Rep. 576.

The appellant's side track at Claremont was established and used by it in connection with and as a part of its depot facilities for delivery of freight, especially in carload lots, directly from the cars in wagons and for receiving freight for shipment, especially in carload lots, directly into the cars from wagons, and from the cotton seed house on its right of way. The side track and such use of it was necessary to the public convenience,

as shown by the regulations of the commission, and by the establishment of the track and the use of it prior to the building of the fence. The fence prevented such use, and practically abolished, vacated, and wiped out of existence such side track so far as the public convenience in that respect was concerned. Having established said depot with the side track and used the side track as above stated, the appellant had no right to vacate or abolish, or cease to use the depot or any part of it, nor the facilities for the public convenience connected therewith, without the consent of the railroad commission. *State v. Mobile, etc., R. Co.,* 86 Miss. 172; *State v. Alabama, etc., R. Co.,* 68 Miss. 653.

MAYES, C. J., delivered the opinion of the court.

A careful consideration of this case fails to convince us that appellee has any right to recover damage against the railroad company for the things complained of in the record. Let it be noticed here that Claremont is just a station; it is not a municipality.

Our view is that the railroad company has not exceeded its just rights in dealing with its own property, and has violated no law of the state, nor infringed upon any lawful right of appellee, or failed in any public duty which it owed him of which the law can take cognizance. It is quite true that under Code 1906, § 4854, when a railroad company, has once established its depot at a station, it cannot abolish or disuse same, except by the consent of the commission. But the facts show that this company has not attempted to abolish the depot at Claremont, or to disuse it. The only thing which it has done is to fence its right of way north of this depot, along which there were certain side tracks formerly accessible to persons loading or unloading cars at this station, but which now, on account of this fence, cannot be made available for this purpose. It is shown, however, that the railroad company has not dismissed its depot

facilities in any way, but has kept them open and still maintains them. It may be that the appellee has sustained damage on account of the fencing of this right of way and making those side tracks inaccessible to him; but, if this be true, it is a damage for which he has no recourse against the railroad company, since the railroad company has only made lawful use of its own property in a way violative of no law. We know of no statute which prohibits a railroad company from fencing its side tracks, provided it leaves ample depot facilities at its station.

It is claimed by the railroad company that this fencing was done for its own protection. Whether this be true or not, it had the right to run the fence as it did and inclose the side tracks within same. Code 1906, § 4865, has no application to the controversy in this case.

The judgment is *reversed* and the suit *dismissed.*